## THE FIRST NATIONAL BANK OF SOUTH NORWALK Respondent, *v.* DAVID W. FENTON, Appellant.

*Liability of the trustees of a corporation for a failure to file a report—for what debts they are liable—1848, ch. 40, § 12.*

November 3, 1877, a corporation, of which the defendant was the president and a trustee, drew its draft on a firm in New York, payable to its own order, four months after date, which draft was accepted by the drawee and thereafter sold to the plaintiff, by whom the same was at maturity presented for payment, and notice of its non-payment duly given to the company, against which the plaintiff thereafter recovered a judgment, upon which an execution was issued and returned wholly unsatisfied. The company having failed to file the report required by section 12 of chapter 40 of 1848, between the first and twentieth days of January, 1878, or at any time thereafter, the plaintiff brought this action against the defendant to recover the amount due upon the draft.

*Held,* that even if the contingent liability of the company upon the draft, prior to its maturity, was not such an indebtedness as would, under the said statute, be recoverable from the trustees, yet, as that liability became an absolute indebtedness upon due notice to the company of the non-payment of the draft by the acceptors, and as the report was then still unfiled, the statute imposed upon the defendant a liability therefor, which the plaintiff could enforce by an action.

Appeal from an order and a judgment entered thereon, overruling a demurrer interposed to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action.

The action was brought against the defendant as a trustee of the New York Oil Company because of the failure of said company to file its annual report.

*W. H. Morgan*, for the appellant. The statute is highly penal in character, and is to be strictly construed in favor of the trustee. (*Garrison* v. *Howe*, 17 N. Y., 458; *Miller* v. *White*, 50 Id., 137; *Jones* v. *Barlow*, 62 Id., 203; *Whitney Arms Co.* v. *Barlow*, 63 Id., 62; *Wiles* v. *Suydam*, 64 Id., 173; *Whitney Arms Co.* v. *Barlow*, 68 Id., 34.) Three circumstances must concur in point of time to render a trustee liable, viz.: the existence of the debt, the existence of the default in making the report, and the trusteeship. (*Shaler & Hall Quarry Co.* v. *Bliss*, 27 N. Y., 279; *Garrison* v. *Howe*, 17 Id., 458; *Boughton* v. *Otis*, 21 Id., 261.)

*C. Fine* and *A. B. Millard*, for the respondent.

DAVIS, P. J.:

This action is brought upon section 12 of chapter 40 of the Laws of 1848, which requires that every company organized under that act shall annually, within twenty days from January 1, make a report which shall state " the amount of capital, and of the proportion actually paid in, and the amount of its existing debts, which report shall be signed by the president and a majority of the trustees, and shall be verified by the oath of the president or secretary of said company, and filed in the office of the clerk of the county where the business of the company shall be carried on; and if any of said companies shall fail so to do, all the trustees of the company shall be jointly and severally liable for all the debts of the company then existing, and for all that shall be contracted before such report shall be made."

The defendant was president and trustee of the New York Oil Company, a corporation organized under the said act. That company failed to file any report between the first and twentieth days of January, 1878, or at any time afterwards. On November 3, 1877, the said company drew its draft upon Messrs. Waterhouse Bros., of New York, in the following form:

" Dolls. 761.52.                 NEW YORK, November 3, 1877.

" Four months after date pay to the order of Ourselves, seven hundred and sixty-one and fifty-two one-hundredth dollars, with

current rate of exchange on New York, value received, and charge to account of

"N. Y. OIL CO.,

D. W. Fenton, *Pres.*

"To Mess. Waterhouse Bros.,

New York."

This draft was duly indorsed by the New York Oil Company, and was accepted by Messrs. Waterhouse Bros., payable at the Fourth National Bank, and was sold and delivered by the said company to the plaintiff. It was duly presented for payment at maturity in March following. The acceptors failing to pay the same, due notice was given to the said company of such demand and refusal. An action was afterwards brought upon the draft, by the plaintiff herein, in the Marine Court of the city of New York, and judgment in due form recovered against the Oil Company, and an execution issued upon the said judgment and returned wholly unsatisfied.

To the complaint alleging these facts, the defendants demur on the ground that the complaint does not state facts sufficient to constitute a cause of action. The question presented by the demurrer is whether the complaint shows an existing indebtedness of the Oil Company, at the time of the failure in January 1878 to file the report required by section 12 of the act of 1848; or an indebtedness contracted thereafter, and before the filing of such report. At the time of the failure to file the report within twenty days after January 1, the liability of the Oil Company was a contingent one, dependent upon the failure of the acceptors of the draft to pay the same at maturity and upon proper demand and notice sufficient to charge the Oil Company. It is not necessary we think, to pass upon the question whether or not that liability was such an indebtedness as would, under the section of the statute above cited, make the trustees jointly and severally liable for it, by reason of the failure to file the report. In March following, at the time the Oil Company was duly charged by the presentation and demand of the draft and due notice to the Oil Company, the draft became an absolute indebtedness of the company to the plaintiff, and thus

their contract to pay the same ripened into a perfect obligation. It may with entire legal propriety be said that an absolute and unqualified indebtedness was at that time contracted, for the contingency had occurred, and been fully satisfied by the action of the plaintiff, upon which the company had agreed to pay the amount of the draft themselves. We see no reason whatever, why the liability imposed upon the defendant as one of the trustees of the corporation did not at once attach to him under such a state of facts, upon its being proved that no report had been filed in January, and none afterwards, prior to the time of the accruing of such indebtedness.

We have examined the authorities cited by the counsel for the appellant, and while some of them seem to go far enough to hold that the contingent liability upon the draft might not be strictly within the provisions of the statute, in consequence of its penal character, yet we think none of them can be construed to relieve him from the liability which attached in March, after the company became absolutely responsible for the payment of the indebtedness represented by the draft.

For these reasons, we think that the demurrer was properly overruled, and that the order and judgment should be affirmed.

BARRETT, J., concurred.

BRADY, J., dissented.

Judgment and order affirmed.